IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WILLIAM F YOUNG, *et al* | § | CASE NO: 04-32102 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| WILLIAM F YOUNG | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 07-3041 |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION
REGARDING ORDER DISMISSING COMPLAINT**

In this adversary proceeding, William Young ("Debtor" or "Plaintiff") asks the Court to enjoin Wells Fargo Bank, N.A. ("Defendant") from prosecuting a state court suit for reformation of an *in rem* deed of trust against Debtor's homestead. Debtor also seeks damages for alleged violation of the bankruptcy discharge injunction. Defendant Wells Fargo Bank, N.A. ("Defendant") filed a motion to dismiss, alleging that the complaint fails to state a claim on which relief can be granted. After consideration of the complaint, the motion to dismiss, and Plaintiff's response, the motion to dismiss is granted by separate final judgment issued this date.

FACTS

Debtor filed a petition under chapter 7 of the Bankruptcy Code commencing his bankruptcy case (case number 04-32102) on February 5, 2004. On May 18, 2004, Debtor received his chapter 7 discharge (docket # 45). On September 23, 2004, the chapter 7 trustee abandoned all property of the estate and the case was closed as a no-asset case on September 12, 2005.

On February 8, 2007, Debtor filed this adversary proceeding. The complaint alleges that:

1. On February 1, 2000, Debtor executed a non-recourse promissory note payable to Defendant in the amount of $33,000. The note was secured by a deed of trust of real property that Debtor claims as homestead.
2. On July 25, 2006, Defendant filed a lawsuit in state court seeking foreclosure on the real property that was security for the non-recourse note. Defendant dismissed this first lawsuit.
3. Defendant filed a second state court lawsuit to reform the property description in the deed of trust, for attorneys fees, and for foreclosure. After correspondence from Debtor's

counsel, the demand for attorneys' fees was voluntarily withdrawn by Defendant, except that attorneys' fees are requested as part of the *in rem* debt.  Defendant executed a notice of *lis pendens* with respect to this second lawsuit.

In this adversary proceeding, Debtor seeks (i) an injunction to prohibit Defendant from proceeding with the second state court lawsuit, (ii) damages for violation of the discharge injunction effected by Bankruptcy Code § 542(a), and (iii) appropriate remedies for contempt of court.

## LAW

Motions to dismiss under FRCP 12(b)(6) are evaluated accepting all well-pleaded facts as true and viewing those fact in the light most favorable to the plaintiff.  *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420 (5th Cir. 2006).  Dismissal is not proper unless it is clearly established that the plaintiff can prove no set of facts in support of his claim which would entitle plaintiff to relief.  *Id*.

Upon discharge, Bankruptcy Code § 524(a) voids any judgment obtained pre-petition as a <u>personal obligation</u> of the debtor.  Section 524(a) also imposes a statutory injunction that prohibits the commencement of any creditor effort "to collect, recover, or offset any [discharged] debt as a <u>personal liability</u> of the debtor."[1]

The discharge injunction applies to debts and to pre-petition judgments.  It does not apply to consensual liens against property.  The discharge injunction applies to creditor efforts to enforce <u>personal</u> liability on <u>discharged debts</u>.

## APPLICATION OF THE LAW TO THE ALLEGATIONS IN THE PETITION

<u>Alleged Violation of the Discharge Injunction By Seeking Attorneys' Fees to Which Defendant Was Not Entitled</u>

If Debtor had been personally liable on the note, then Debtor's obligation (including the obligation to pay attorneys' fees) would have been discharged.  If those were the facts, then a post-petition attempt to collect these fees would have violated § 524(a).  But in this case the note was non-recourse and the note was not a debt discharged in this bankruptcy case.

Therefore, § 524(a) is not implicated.  While Defendant appears to have no right to have sought the attorneys fees, and while alleging liability to which it was not entitled may be a violation of state law or state rules of pleading, it is not a violation of § 524(a).

Plaintiff has not cited any authority for the proposition that Defendant violates Bankruptcy Code §524(a) by seeking to collect on a claim that was not discharged in bankruptcy.  Therefore the complaint fails to state a claim on which relief can be granted on this issue.

---

[1] Emphasis added.

Alleged Violation of the Discharge Injunction by Seeking To Correct a Property Description in a Lien

The parties agree that the property description in the deed of trust was incorrect. The essence of Debtor's argument is that Defendant violated the discharge injunction by seeking to correct that error. Debtor argues that his counsel "sent a letter … demanding that Wells Fargo withdraw any pleadings … that seek to perfect a lien post-bankruptcy that did not exist on the … homestead at the time of the filing of the bankruptcy."[2]

In his response to Defendant's motion to dismiss, Debtor has pointed the Court to no authority for such an argument. The discharge injunction simply does not extend that far. It prohibits actions to enforce personal liability; it does not affect liens or security interests. *See*, *In re Davis*, 99 B.R. 732 (Bankr. W.D. La. 1989) (§ 524 allows post-discharge enforcement of valid liens). There are two exceptions to that rule.

First, if the lien arose from a personal judgment rendered pre-petition, that judgment could, under most state law, be recorded post-petition and might effect a lien against Debtor's post-petition property. By voiding pre-petition judgments, § 524(a) avoids that consequence.

Second, bankruptcy law allows a debtor to avoid liens in certain circumstances. For example, Bankruptcy Code § 522(f) allows a debtor to avoid certain judicial liens and nonpossessory, nonpurchase-money security interests in certain property. Debtor does not allege that Defendant's lien was avoidable or avoided.

The parties have vigorously argued whether the defect in the property description in the deed of trust is major (and cannot be corrected under state law) or whether it is a minor scrivener's error that is easily and appropriately correctible. The Court leaves that matter for determination by state courts. This Court sees no impediment in §524(a) to the state court making that determination. Debtor was never personally liable on this debt; Defendant is not seeking to enforce Debtor's personal liability. Section 524 does not preclude enforcement of pre-petition liens *in rem*.

---

[2] Complaint, paragraph 8.

## CONCLUSION

By separate final judgment issued this date, the complaint is dismissed with prejudice for failure to state a claim on which relief can be granted.

SIGNED 04/16/2007.

WESLEY W STEEN
United States Bankruptcy Judge